UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| **MARCUS VERNELL COLEMAN** | **CIVIL ACTION NO. 07-111** |
| **VS.** | **SECTION P** |
| **TONY MANCUSO, ET AL.** | **JUDGE MINALDI** |
| | **MAGISTRATE JUDGE WILSON** |

### REPORT AND RECOMMENDATION

Before the court is *pro se* plaintiff Marcus Coleman's civil rights suit (42 U.S.C. § 1983) filed *in forma pauperis* on January 19, 2007. Plaintiff is currently incarcerated at Calcasieu Correctional Center in Lake Charles, Louisiana, and names Calcasieu Parish Sheriff Tony Mancuso and Calcasieu Parish District Attorney Wayne Frye[1] as defendants herein.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this court.

### STATEMENT OF THE CASE

Plaintiff states that on October 14, 2004, while he was detained in Orange, Texas, the Calcasieu Parish Sheriff's Office issued a detainer against him for armed robbery and simple kidnaping. Despite the detainer, he claims that from October 14, 2004 through September 4, 2005, Calcasieu Parish Sheriff's Office failed to extradite, interrogate or investigate the charges. He

---

[1] To the extent that the plaintiff seeks to state a claim against District Attorney Frye, it appears that this defendant is immune from suit for the alleged actions. "[A]cts undertaken by the prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity." *Boyd v. Biggers* 31 F.3d 279, 285 (5th Cir. 1994); *Imbler v. Pachtman,* 96 S.Ct. 984 (1976)(prosecutorial immunity); *see also Mowbray v. Cameron County, Tex.*, 274 F.3d 269, 276 (5th Cir. 2001).

further alleges that in 2004, a report was issued finding that "the results of the investigation revealed that (plaintiff) Marcus Coleman did not attempt to kidnap (victim) as thought in the beginning. The purpose of this report is to have the charge of Armed Robbery accepted against (plaintiff) Marcus Coleman." [Doc. 1-1, p. 3]. In addition, plaintiff states that "on November 16, 2005 (D.A.) Wayne Frye failed to Bill (plaintiff) after 12 months of incarceration on Simple Kidnaping." [Doc. 1-1, p. 3]. Plaintiff then claims that on July 26, 2006, the simple kidnaping charges were dismissed. This action centers around his complaint that he was incarcerated for 20 months and 12 days without being indicted on those charges.

As a result of the above, plaintiff seeks "up to $1000.00 for each day that he was held on Simple Kidnaping; monetary damages for loss wages, mental suffering, pain, trauma, anguish, and any wages he is entitled to for false imprisonment under Louisiana Code of Criminal Procedure Guidelines." [Doc. 1-1, p. 4].

## LAW AND ANALYSIS

### Frivolity Review

When a prisoner is allowed to litigate a civil rights complaint *in forma pauperis,* the district court is obliged to dismiss the case at any time if it determines that the complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C.A. § 1915(e)(2)(B); 28 U.S.C.A. § 1915A (stating that when a prisoner seeks redress from a governmental entity or one of its employees, the court shall review the complaint as soon as practicable and dismiss it if the court finds the complaint frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief); 42 U.S.C.A. § 1997e(c) (providing that a

district court shall on its own motion or the motion of any party dismiss a complaint by a prisoner regarding prison conditions if the court is satisfied the complaint is frivolous, malicious, falls to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant). A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

A claim is frivolous if it has no arguable basis in law or fact. *Nietzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir.1998) (quotation omitted). While district courts are required to construe *in forma pauperis* complaints liberally, particularly in the context of dismissals under § 1915(e)(2)(B), they are, nonetheless, given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994). A complaint may not be dismissed under § 1915(d)(2)(B) "simply because the court finds the plaintiff's allegations unlikely." *Jolly v. Klein*, 923 F.Supp. 931, 942-43 (S.D.Tex.1996). A civil rights plaintiff must support his claim(s) with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). See *Wesson v. Ogleby*, 910 F.2d 278, 281 (5th Cir.1990) ("An *IFP* complaint that recites bare legal conclusions, with no suggestion of supporting facts, or that postulates facts of an entirely fanciful nature, is a prime candidate for dismissal under [§ 1915(d)(2)(B) ]."). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet

another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Plaintiff's complaint sufficiently establishes his theories of liability with respect to the named defendants, and the court is convinced that plaintiff has presented the best case which could be presented by him under the circumstances, and that further amendment of the pleadings would serve no useful purpose. Accepting all of plaintiff's allegations as true and giving plaintiff the benefit of every doubt, the court concludes, for the reasons stated hereinafter, that he has failed to state a claim for which relief may be granted and accordingly recommends dismissal of the complaint that his claims are frivolous as a matter of law, and that his complaint should be dismissed with prejudice.

## 42 U.S.C. §1983

Section 1983 proscribes conduct by any person who, under the color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. §1983. Thus, an initial inquiry in a lawsuit filed under §1983 is whether plaintiff has alleged that his constitutional rights have been violated. If no constitutional violation has been alleged, there is no cognizable claim under §1983. In order to hold the defendants liable under 42 U.S.C. §1983, the plaintiff must allege facts to show (1) that a constitutional right has been violated, (2) that the conduct complained of was committed by a person acting under color of state law, that is, that the defendant was a state actor, and (3) causation. See, *Doe v. Rains County Indep. Sch. Dist., 66 F.3d 1402, 1409 (5th Cir. 1995).* See also, *Hessbrook v. Lennon*, 777 F.2d. 999, 1005 (5th Cir. 1985); *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 68 L.Ed. 2d 420 (1981), rev'd on other grounds, *Daniels v. Williams,* 474 U.S. 327, 330-31, 106 S.Ct. 662, 88 L.Ed. 2d 662 (1986); *Augustine v. Doe*, 740 F.2d 322, 324-25 (5th Cir. 1984).

Plaintiff herein cannot meet the burden set forth above. More specifically, even if plaintiff could establish that the defendants were state actors and deprived him of a right secured by the constitutional, he nevertheless fails to set forth any facts to support a finding of causation. In other words, based on the allegations advanced by plaintiff, there is nothing consistent with a finding that the defendants' actions caused any injury to the plaintiff. That he did not suffer any injury by the alleged constitutional deprivations is evidenced by the fact that his incarceration was not affected by the length of time that transpired prior to dismissal of the simple kidnaping charges. As previously stated, plaintiff is seeking damages based on the fact that he was incarcerated for 20 months and 12 days without being indicted on the kidnaping charge. Plaintiff admits that the detainer (which was issued when he was already being held in Orange, Texas) was issued for the charges of simple kidnaping **and** armed robbery. Plaintiff even states that as early as 2004, an investigative reported showed that the kidnaping charges were not supported as originally thought, and that it was the armed robbery charges that were sought to be accepted against him. [Doc. 1-1, p. 3]. Thus, it is clear that plaintiff's incarceration was not caused or lengthened by the fact that the kidnaping charges were not dismissed until 2006. The simple fact is that he would have been (and was) in jail on the armed robbery charges regardless of the disposition of the simple kidnaping charges. In fact, plaintiff remains incarcerated despite the dismissal of the kidnaping charges. Even under the most favorable set of circumstances, plaintiff cannot show that he suffered any injury as a result of the defendants' actions. In short, his allegations do not state a claim under § 1983.

Accordingly, **IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(I) and (ii).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, July 12, 2007.**

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE